UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL W. NIX,

    Plaintiff,

v.                               Case No.:  2:25-cv-524-SPC-NPM

JET GENIUS FLORIDA
HOLDINGS, INC. and JORDAN
BROWN,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff Michael Nix's Complaint (Doc. 1). As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires that the plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). To establish his citizenship, Plaintiff alleges that he is "a non-resident of the State of Florida." (Doc. 1 ¶ 1). But residency is not the same as citizenship. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"). Rather, a person's citizenship is determined by his "domicile," or "the place of

his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). What's more, negative allegations of citizenship are insufficient; Plaintiff must affirmatively allege his state of citizenship. *See Kalergis v. Home Depot USA, Inc.*, No. 6:24-CV-743-JA-DCI, 2024 WL 1765586, at *1 (M.D. Fla. Apr. 24, 2024) ("[N]egative pleading of citizenship is inadequate to establish this Court's subject matter jurisdiction." (citation omitted)); *Leech Tishman Fuscaldo & Lampl, LLC v. Cart*, No. 3:15-CV-311-J-39JBT, 2015 WL 13653043, at *1 (M.D. Fla. Mar. 27, 2015) ("Plaintiff cannot plead its citizenship in the negative.").

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Because Plaintiff fails to affirmatively allege his state of citizenship, he fails to establish this Court's subject-matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Michael Nix's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff may file an amended complaint on or before **June 27, 2025**. **Failure to do so will cause the Court to close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3