**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**MICHAEL W. NIX,**
Plaintiff,

v. 2:25-cv-524-SPC-NPM

**JET GENIUS FLORIDA HOLDINGS, INC.,**
and **JORDAN BROWN,**
Defendants.

---

## ORDER

This is a breach-of-contract action arising from a written agreement under which plaintiff Michael Nix agreed to pay $77,781.40 in exchange for charter-flight services. (Doc. 8 at 2).[1] Nix paid defendant Jet Genius per the agreement, but Jet Genius never provided the agreed-upon flights. And with felonious intent, defendants Jet Genius and its officer and director, defendant Jordan Brown, misappropriated the escrowed funds for their own use.

For failing to answer or otherwise defend, the defendants are in default. (Docs. 18, 27). Now, Nix seeks a default judgment. His request is based on the agreement attached to the complaint (Doc. 8-1), so the requested judgment does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And because the claim is for "a sum that can be made certain by

---

[1] By failing to answer, Defendants have admitted to the complaint's allegations other than those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

computation," the clerk may enter the judgment without court review. Fed. R. Civ. P. 55(b)(1).[2]

With complete diversity and an amount in controversy that exceeds $75,000, we have subject-matter jurisdiction. (Doc. 8 at 1-2).[3] And we have personal jurisdiction because the defendants are at home and were served here in Florida. The complaint, contract, and declaration supplied in support of the request for default judgment (Docs. 8, 8-1, 31-1) substantiate Nix's damages as $233,344.20 (since he is entitled to treble damages).

Accordingly, the **CLERK** is directed to **GRANT** Nix's request (Doc. 31) and enter a default judgment against defendants Jet Genius Florida Holdings, Inc. and Jordan Brown, jointly and severally, for **$233,344.20**. Post-judgment interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a). To tax costs, Nix must file a proposed Bill of Costs (AO Form 133) and its required documentation within a reasonable time after the entry of judgment. Any motion for fees or non-taxable expenses is governed by Local Rule 7.01.

**ORDERED** on November 2, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] *See also* 28 U.S.C. § 636(b)(3).

[3] *See* 28 U.S.C. § 1332(a)(1).